HARRIET STEWART ET AL. v. JOHN FOXWORTH ET AL.

[52 South. 354.]

TENANTS IN COMMON. *Adverse possession. Statutes of Limitation.* Code 1880, §§ 2664, 2665, 2668. Code 1892, §§ 2730, 2731, 2734. Code 1906, §§ 3090, 3091, 3094.

Under Code 1880, §§ 2664, 2665, 2668, Code 1892, §§ 2730, 2731, 2734, Code 1906, §§ 3090, 3091, 3094, providing that suits for the recovery of land shall be brought within ten years from the accrual of the causes of action and that adverse possession for that time shall invest the occupant with title; where the husband of a tenant in common, took exclusive and actual possession of the land, and his occupancy and that of those holding under him was open, notorious, adverse and continuous for ten years, title as against the co-tenants was divested, although the adverse claim was predicated of a purchase at a void judicial sale.

FROM the chancery court of Marion county.

HON. R. D. COOPER, Special Chancellor.

Foxworth and others, appellees, were complainants in the court below; Mrs. Stewart and others, appellants, were defendants there. From a decree in complainants' favor defendants appealed to the supreme court.

The suit was for the sale of land for division of the proceeds among the descendants of one Jesse Lee, deceased, alleged to be unusually numerous. It was shown that the decedent, Jesse Lee, formerly owned the lands and the title was deraigned in the bill by descent from him and by conveyances from his descendants to the parties charged to be interested. The defendants or some of them claimed title by virtue of an asserted judicial sale and a deed from Harris Pope, special commissioner of the chancery court of Marion county, to one Hugh Fortenberry dated December 26, 1861, and claimed that Fortenberry took actual, adverse possession of the lands so conveyed to him shortly after and about the time of the execution of the deed. The defendants made their answer a cross-bill and sought a decree confirming their title acquired under said deed and long continuous adverse possession under it since its execution. In their answer to the cross-bill the complainants denied that Harris Pope who as commissioner executed the deed to Hugh Fortenberry was ever authorized by the chancery court to sell the land, denied that the sale was ever confirmed and claimed that the pretended commissioner's deed was a nullity. The proof showed that Hugh Fortenberry, the purchaser at the pretended judicial sale was the husband of one of the heirs of Jesse Lee, deceased. It further showed, however, that possession of a part of the land was taken under the deed; that it was actual, open, notorious and exercised under a claim of an entire ownership of the premises adverse to the complainants and all the world and had been continued since 1861 by Hugh Fortenberry and those claiming under him, although there was some testimony tending to dispute the character of the possession.

*Lamar Hennington* and *Green & Green,* for appellants.

Appellants rely upon the deed from Harris Pope, commissioner, to Hugh Fortenberry executed in 1861 and the deeds following it as investing them with title from Jesse Lee, the common source.

In addition to the deeds relied upon by appellants, they rely upon actual adverse possession of the property involved from the date of the commissioner's deed in 1861 to the present time. The great preponderance of the evidence shows that Hugh Fortenberry, under whom appellants claim title, went into the actual possession of the land involved in 1861 and that he and these claiming under him built houses on it and lived in them from that date to this, and they cleared land and fenced it, and cultivated parts of it, and rented other parts to share croppers and collected the rents, and paid taxes on the whole. It shows that Hugh Fortenberry raised his family on the land, and left a will at his death giving it to his daughter, Mrs. Stewart, one of the appellants. In fact the record in this case shows that the appellants, and those under whom they claim, exercised about every act of ownership over the land involved that could be exercised by the owners. And it is plain that the appellees had due notice of the claim during all the time. The evidence shows that for twenty years appellees had lawyers investigating the claim of appellants, and some of them investigated for themselves and were told that they had no interest in the land, that it belonged to appellants.

*Mounger & Mounger; Jones & Tyler* and *McWillie & Thompson,* for appellees.

Appellants contend that Hugh Fortenberry claimed the land involved as his own under the deed from Harris Pope, commissioner, after the date of that deed until his death, thereby acquiring title by adverse possession, and that the title to the land passed to Mrs. Stewart upon his death by virtue of his will. Appellee's contention is that he never did claim ex-

cept by virtue of his wife's right as an heir of Jesse Lee, deceased, prior, to her death, and as her heir after her death, and that nothing passed to Mrs. Stewart by virtue of the will of the father except the interest he had inherited from his wife upon her death intestate.

The character of Hugh Fortenberry's possession of some of the land involved will be found described in the deposition of A. E. Foxworth, where he states that Hugh Fortenberry was simply claiming a right to occupy the land because his wife was an heir of Jesse Lee. This is shown also by the deposition of J. B. Rawls, Alfred Alfred, Hugh Henry and Rose Nelson.

Hugh Fortenberry was in possession of the land as the husband of Obedience Fortenberry, and Obedience was a tenant in common, jointly interested in the lands with these appellants; the statute of limitation and adverse possession did not and would not begin to run against these appellees until actual notice of an adverse holding was brought sharply and unequivocally to their attention, and the burden of making this proof was on the appellants, who did not make or attempt to make it. *Alsobrook v. Eggleston,* 69 Miss. 833, 13 South. 850; *Hignite v. Hignite,* 65 Miss. 447, 4 South. 435; *Bently v. Callaghan,* 79 Miss. 302, 30 South. 709.

Nor can the wife or husband of a cotenant acquire title as against the other cotenants. *Beaman v. Beaman,* 90 Miss. 762, 44 South. 987; *Robinson v. Lewis,* 68 Miss. 69, 8 South. 258.

Argued orally by *Garner W. Green,* for appellants, and by *P. Z. Jones* and *T. A. McWillie,* for appellees.

SMITH, J., delivered the opinion of the court.

Appellants and those through whom they claim have been in open, notorious, and adverse possession of the land in controversy, other than that portion thereof inclosed within the fence erected by A. E. Foxworth, for more than forty years, claiming

it as their own, and the finding of the chancellor to the contrary is clearly and manifestly wrong. Their title thereto is therefore perfect, and the decree of the court below, awarding a sale thereof for division of the proceeds, is erroneous.

*Reversed and remanded.*